# Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FORD MOTOR COMPANY, a corporation, and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DANNY JIMENEZ JR., an individual,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 13 2021

BY _____
MELISSA PEREZ, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Justice Center
247 West Third Street
San Bernardino, CA 92415

CASE NUMBER:
*(Número del Caso):*
CIVSB 2102954

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Aaron Fhima, SBN: 296408  34188 Pacific Coast Highway, Dana Point, CA 92629, 949-661-1007

DATE: JAN 13 2021                Clerk, by Melissa Perez               , Deputy
*(Fecha)*                         *(Secretario)*                         *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Ford Motor Company, a corporation
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

EXHIBIT A - 2

**NEALE & FHIMA, LLP**
MATTHEW E. NEALE, ESQ. (SBN 74036)
matthew@nealefhima.com
AARON D. FHIMA, ESQ. (SBN 296408)
aaron@nealefhima.com
34188 Pacific Coast Highway
Dana Point, CA 92629
Telephone: (949) 661-1007
Facsimile: (949) 661-3619

Attorneys for Plaintiff,
*DANNY JIMENEZ JR.*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 18 2021

BY _____
MELISSA PEREZ, DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

| | |
|---|---|
| DANNY JIMENEZ JR., an individual,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, a corporation, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.: **CIV SB 2102954**<br><br>**COMPLAINT FOR VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT** |

Plaintiff, DANNY JIMENEZ JR. ("Plaintiff"), alleges a cause of action against Defendant FORD MOTOR COMPANY ("Defendant"), as follows:

1. Plaintiff is and at all times mentioned herein was, a competent adult.

2. Plaintiff is informed and believes and thereupon alleges that defendant is a California corporation that does business throughout the state of California, including in the city of Fontana.

3. The true names and capacities of Defendant DOES 1 THROUGH 10, INCLUSIVE, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of the filing of this Complaint, and Plaintiff therefore sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show said Defendants true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereupon alleges that

each of the Defendants designated as a Doe is, in some manner, factually and legally responsible for the events and happenings surrounding the incident as herein set forth, and said Defendants thereby directly and proximately caused personal injury and harm to Plaintiff.

4. On or about July 7, 2020, Plaintiff purchased a 2019 Ford Fusion, VIN: 3FA6P0CD9KR181998 ("Subject Vehicle") from Sunrise Ford, in Fontana, California.

5. Plaintiff is a "buyer" under the Song-Beverly Consumer Warranty Ave, Civil Code §1790 *et seq.* (the "Act").

6. The Subject Vehicle is a new motor vehicle that was purchased primarily for personal, family, or household purposes or it is a new motor vehicle with a gross vehicle weight under 10,000 pounds that was purchased or used primarily for business purposes by an entity to which not more than five motor vehicles are registered in this state. The Subject Vehicle is a "new motor vehicle" under the Act.

7. Defendant manufactures, assembles, or produces consumer goods. Defendant is a "manufacturer" under the Act.

8. Sunrise Ford, where Plaintiff purchased the Subject Vehicle, is engaged in the business of distributing or selling consumer goods at retail.

9. Upon Plaintiff's purchase of the Subject Vehicle Defendant issued an express warranty to Plaintiff, which Defendant undertook to preserve or maintain the utility or performance of the Subject Vehicle.

10. Defendant's express warranty was integral to Plaintiff's purchase of the Subject Vehicle.

11. Since purchasing the Subject Vehicle, Plaintiff has delivered the Subject Vehicle for repair to Defendant or its authorized repair facility(s) no less than four (4) times for repair of nonconformity(s) to warranty, including, but not limited to defect(s) which have manifested in: check engine light illuminating, engine concerns, engine overheating, and battery failures. Said nonconformity(s) have substantially impaired the vehicle's use, value, and/or safety to Plaintiff.

12. On each occasion Plaintiff delivered the Subject Vehicle for repair to Defendant or its authorized repair facility(s), the vehicle was returned to Plaintiff without properly repairing the nonconformity(s).

//

13. Defendant or its authorized repair facility(s) have failed to service or repair the Subject Vehicle to warranty after a reasonable number of attempts; begin repairs within a reasonable time; and/or complete repairs within thirty (30) days so as to conform to the applicable warranties.

14. The Subject Vehicle was not fit for the ordinary purposes for which such goods are used and was not of the same quality as those generally acceptable in the trade.

15. The implied warranty of merchantability means and includes that the goods will comply with each of the following requirements: (1) they would pass without objection in the trade under the contract description; (2) they are fit for the ordinary purposes for which such goods are used; (3) they are adequately contained, packaged, and labeled; and (4) they conform to the promises or affirmations of fact made on the container or label.

16. Defendant breached the implied warranty of merchantability. Plaintiff is entitled to revoke acceptance of the Subject Vehicle under the Act.

17. By Defendant failing to repair the nonconformity(s) as alleged above, or to make restitution or to replace the Subject Vehicle, Defendant is in violation of its obligation under the Act.

18. Plaintiff is informed and believes and thereupon alleges that Defendant's refusal to replace the vehicle or make restitution to Plaintiff was willful and not the result of a good faith and reasonable belief that the facts imposing said statutory obligation were absent.

19. Pursuant to the Act, Plaintiff is entitled to restitution in an amount equal to the actual price paid or payable by Plaintiff and collateral charges such as sales tax, license fees, registration fees, and other official fees less an amount directly attributable to use by Plaintiff prior to the time Plaintiff first delivered the vehicle for repair.

20. Plaintiff is entitled to recover incidental, consequential, and general damages, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by Plaintiff.

21. Plaintiff is entitled to recover a civil penalty up to two times the amount of actual damages for Defendant's willful refusal to comply with its statutory obligations under the Act.

22. Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses including attorney's fees based on actual time expended and reasonably incurred in connection with the commencement and prosecution of this action.

PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANT AS FOLLOWS:

1. For actual damages, including collateral charges, and incidental, consequential, and general damages. To date, such damages include, but are not limited to, in amounts according to proof, down payment, monthly payments to date, plus vehicle registration, additional monthly finance payments, vehicle loan payoff, repair expense(s), rental expenses, expenses inadvertently omitted herein, and other future expenses reasonably incurred by Plaintiff in connection with this action; and

2. For a civil penalty under the Act, equal up to two times the amount of actual damages;

3. For rescission of the contract and restitution of consideration;

4. For prejudgment interest on said sum from date of rescission;

5. For attorney's fees and costs of suit reasonably incurred in connection with the commencement and prosecution of this action; and

6. For such other and further relief as the court deems proper.

Dated: January 12, 2021                    **NEALE & FHIMA, LLP**

*Aaron D. Fhima*

By: _____
Aaron D. Fhima, Esq.
Attorney for Plaintiff,
*DANNY JIMENEZ JR.*